Filed 11/2/23  P. v. Thomas CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LEONARD BRYCE THOMAS,<br><br>    Defendant and Appellant. | F085470<br><br>(Super. Ct. No. SC072219A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Elizabet Rodriguez, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Detjen, J. and Smith, J.

## INTRODUCTION

Petitioner Leonard Bryce Thomas petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for second degree murder. The superior court denied the petition at the prima facie stage without an evidentiary hearing.

Petitioner appeals from the superior court's denial of his petition for resentencing. Appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Petitioner submitted his own letter brief and requested this court address certain issues.

We will address petitioner's issues and affirm.

## PROCEDURAL HISTORY

In 1998, petitioner was convicted of second degree murder. For this offense, he was sentenced to a term of 15 years to life. This court affirmed. (*People v. Thomas* (Feb. 9, 2022, F081270) [nonpub. opn.]; *People v. Thomas* (May 25, 2001, F031792) [nonpub. opn.].)

On January 25, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to section 1172.6. The superior court denied the petition at the prima facie stage on the ground petitioner was the actual killer. We determined there was no possibility petitioner was convicted of felony murder or under a natural and probable consequences theory. We therefore affirmed. (*People v. Thomas*, *supra*, F081270.)

On December 12, 2022, petitioner filed another petition for resentencing pursuant to section 1172.6. The matter was heard on December 20, 2022. The court initially stated it would appoint the public defender's office to represent petitioner. The People

_____

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 has been renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the current section 1172.6 in this opinion.

pointed out that petitioner's prior petition had been heard and denied, and the denial had been affirmed. The People argued that petitioner had "once again raised the same petition." The deputy public defender "disagree[d] that [petitioner] has had a hearing on this matter." The court denied the petition "given [this court's] decision in [*People v. Thomas*, *supra*,] F081270." The court explained, "It[] . . . appears to be the same facts, the same issues that [petitioner] is raising a second time."

## DISCUSSION

### I.     Appellate Review and *Delgadillo*

In *Delgadillo*, the court held that a *Wende*[2] analysis is not applicable to a trial court's order that denies a petition for postconviction relief under section 1172.6. (*Delgadillo*, *supra*, 14 Cal.5th at p. 222.) *Delgadillo* held that instead of using the process outlined in *Wende*, appointed counsel and the appellate court should do the following: "When appointed counsel finds no arguable issues to be pursued on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231–232.)

"If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion. . . . If the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.] . . . While it is wholly within the court's discretion, the Court of Appeal is not barred from conducting its own independent review of the record in any individual section 1172.6 appeal." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

---

[2] *People v. Wende* (1979) 25 Cal.3d 436.

In this case, appellate counsel filed a brief pursuant to *Delgadillo* from the denial of petitioner's petition. The brief also included counsel's declaration that petitioner was advised he could file his own brief with this court. This court sent petitioner an order that, pursuant to *Delgadillo*, the appeal would be dismissed as abandoned if he failed to submit a letter brief within 30 days.

Petitioner filed a supplemental brief with this court in response to our *Delgadillo* order. We will address his arguments and exercise our discretion to independently review the record.

## II.     Applicable Law Regarding Section 1172.6

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707-708 (*Strong*).) The bill amended the natural and probable consequences doctrine by requiring that a principal act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) The bill amended the felony-murder rule by providing that a participant in a qualifying felony is liable for murder only if the victim was a peace officer in the performance of his or her duties, or the defendant was the actual killer, aided and abetted the actual killer in the commission of first degree murder with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life. (§ 189, subds. (e), (f); accord, *Strong*, at p. 708.)

Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under

4.

which malice is imputed to a person based solely on that person's participation in a crime" to seek vacatur of the conviction and resentencing.  (§ 1172.6, subd. (a); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.)  Under section 1172.6, an offender seeking resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief.  (§ 1172.6, subds. (a)-(c); accord, *Strong*, *supra*, 13 Cal.5th at p. 708.)  In making this determination, the court may rely on the record of conviction.  (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971 (*Lewis*).)  However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at pp. 971–972.)

If the trial court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).)  At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)  Significantly, "[a] finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid*.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

### III. The Petition Was Properly Denied

Section 1172.6 does not prohibit successive petitions. Courts analyzing the preclusive effect of prior section 1172.6 petitions have done so under the doctrine of issue preclusion. (E.g., *People v. Farfan* (2021) 71 Cal.App.5th 942, 950–951 (*Farfan*).) Issue preclusion bars relitigation of issues " 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.' " (*Strong*, *supra*, 13 Cal.5th at p. 716.)

Here, petitioner's second petition for resentencing was identical in all relevant respects to his first petition. The issue of petitioner's resentencing eligibility was actually litigated and necessarily decided, and the decision on the merits is now final. As such, the petition was plainly barred by issue preclusion. The superior court did not err in denying the petition.

### IV. Petitioner's Remaining Contentions

Petitioner argues his jury should have been instructed on lesser included offenses to second degree murder and this issue should have been raised in federal court subsequent to his conviction. He also asserts that, had he known then what he knows now, he would have asserted at trial that he suffered from battered spouse syndrome. These contentions were not raised in petitioner's section 1172.6 petition and, in any event, do not bear on petitioner's eligibility for resentencing under that statute. (§ 1172.6, subd. (a).)

Petitioner expresses distrust of his appellate attorney for failing to raise issues regarding lesser included offenses and asks to be granted another appeal with a different attorney. Again, petitioner's contentions do not bear on his eligibility for resentencing

6.

pursuant to section 1172.6.  Moreover, we have conducted an independent review of the record and found no arguable issues.

## V.     Conclusion

Petitioner responded to this court's *Delgadillo* order and filed a supplemental brief.  We have addressed the issues raised in his supplemental brief and furthermore exercised our discretion to conduct our own independent review of the record.  There are no arguable issues, and the petition was properly denied.

### **DISPOSITION**

The December 20, 2022 order denying the petition is affirmed.